```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                         DISTRICT OF NEVADA
10
11  UNITED STATES OF AMERICA,     )    3:12-cr-00015-HDM-WGC
                                  )
12            Plaintiff,          )
                                  )    ORDER
13  vs.                           )
                                  )
14  RANDY MACARIO ANCHETA,        )
                                  )
15            Defendant.          )
                                  )
16  _____)
```

Defendant filed an abridged 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence contending that his sentence should be vacated because the Hobbs Act robbery offense which served as a predicate for his 18 U.S.C. § 924(c) conviction no longer qualifies as a "crime of violence" in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF Nos. 123, 128). The government responded arguing, in part, that defendant's motion should be denied because Hobbs Act robbery does qualify as a crime of violence (ECF No. 131).

The Ninth Circuit has held that Hobbs Act robbery "indisputably qualifies as a crime of violence" under § 924(c).

1

*United States v. Howard*, 650 Fed.Appx. 466, 468 (9th Cir. 2016) (citing *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993)). Given the binding nature of the Ninth Circuit's ruling, defendant's motions (ECF Nos. 123, 128) are **DENIED**. Because the court's decision in this matter is dispositive, the court declines to address the other arguments raised in the defendant's motion and the government's response.

IT IS SO ORDERED.

DATED: This 29th day of June, 2018.

_____
UNITED STATES DISTRICT JUDGE